United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL MONROE, | No. C-11-02726 SBA (DMR) |
| Plaintiff, | **REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |
| v. | |
| REID STEINFELD, | |
| Defendant. | |

Plaintiff Carl Monroe filed suit against Defendant Reid Steinfeld, as a "debt collector" pursuant to the Fair Debt Collection Practices Act ("FDCPA"), *see* 15 U.S.C. § 1692a(6). Plaintiff alleges Defendant violated the FDCPA by bringing a legal action against him to collect a consumer debt in a judicial district other than the judicial district in which the Plaintiff signed the contract sued on or in the judicial district in which the Plaintiff resided at the commencement of the action. *See* 15 U.S.C. § 1692i.

On June 6, 2011, Plaintiff filed suit against Defendant in this court. After Defendant failed to respond to Plaintiff's complaint, default was entered on September 15, 2011. Plaintiff thereafter moved for default judgment. [Docket No. 13.] The court finds that the matter is appropriate for resolution without oral argument pursuant to Local Civil Rule 7-1(b) and VACATES the hearing on

Plaintiff's Motion for Default Judgment scheduled for December 8, 2011. For the reasons stated below, the undersigned recommends that the court deny Plaintiff's Motion for Default Judgment.

## I. FACTUAL & PROCEDURAL BACKGROUND

On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation to Academy of Art University in San Francisco, California for student tuition. (Compl. ¶ 9.) The alleged debt was subsequently consigned, placed or otherwise transferred to collection agency Grant & Weber, and thereafter to Defendant, for collection from Plaintiff. (Compl. ¶¶ 11-12.) On or about November 8, 2010, Defendant filed a lawsuit against Plaintiff in the Superior Court of California, County of Los Angeles, captioned *Grant & Weber v. Carl Monroe, et al.,* Case No. 10E13860 ("Grant & Weber complaint"), which sought to collect the alleged debt. (Compl. ¶ 13.) Plaintiff is a resident of Santa Clara County, California and has never resided in Los Angeles County, California. (Compl. ¶ 10.) Plaintiff has never applied for credit or signed a credit application agreement in Los Angeles County. (Compl. ¶ 10.)

As a result of Defendant filing the Grant & Weber complaint against him in Los Angeles County, Plaintiff was required to retain counsel and incur attorneys' fees and costs to have the lawsuit transferred to the proper venue, Santa Clara County. (Compl. ¶ 14.) In his Motion for Default Judgment, Plaintiff asks that the court order Defendant to pay $3,322,45 in actual damages, statutory damages and statutory penalties, and $3,043.36 in attorneys' fees and costs.

## II. DISCUSSION

### A. Jurisdiction and Adequacy of Service of Process

When entry of default is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). In addition, as a preliminary matter, a court must "assess the adequacy of service of process on the party against whom default is requested." *Board of Tr. of the N. Cal. Sheet Metal Workers v. Peters*, No. C-00-0395, 2000 U.S. Dist. LEXIS 19065, at *2 (N.D. Cal. Jan. 2, 2001).

As Plaintiff's complaint alleges an FDCPA violation under 15 U.S.C. § 1692i, this court has jurisdiction over the matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d) (providing that

"[a]n action to enforce any liability created by this title [15 U.S.C. §§ 1692 *et seq.*] may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs."). Plaintiff resides within this District and Defendant was served within the state, therefore this court has personal jurisdiction over the parties. *See* Fed. R. Civ. P. 4(k) ("Serving a summons . . . establishes personal jurisdiction over a defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located.").

Regarding the adequacy of service of process, Rule 4(e)(1) allows for service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under California law, "[a] summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served." Cal. Code Civ. Proc. § 415.10.

The court has reviewed the proof of service and finds that the summons and complaint were properly served on Defendant with personal service. [Docket No. 5.]

**B.** *Eitel* **Analysis**

After entry of a default, a court may grant a default judgment on the merits of the case. Fed. R. Civ. P. 55. A court, however, may not enter a default judgment against an unrepresented minor, an incompetent person, or a person in military service. Fed. R. Civ. P. 55(b)(2); 50 App. U.S.C. § 521. Defendant is not a minor, incompetent person, or person in military service. (Schwinn Decl. ¶ 2(b), Sept. 14, 2011.) Accordingly, the court turns to the merits of the case.

"The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors that a court may consider in exercising that discretion include:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Upon entry of default, the factual allegations within the complaint are accepted as true, except those relating to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir.1987). Necessary facts not contained in the pleadings and claims which are legally insufficient are not established by default. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

The court finds that some important *Eitel* factors weigh against granting Plaintiff's Motion for Default Judgment against Defendant. Specifically, the second and third *Eitel* factors (the merits of Plaintiff's claim and the sufficiency of the complaint), weigh against default judgment because Plaintiff has not sufficiently established that Defendant is a "debt collector" within the meaning of the FDCPA.

To establish that an individual defendant is personally liable under the FDCPA, a plaintiff must first establish that the individual is a "debt collector" under the statute. *See King v. Nat'l Credit Works, Inc.*, No. 10-CV-02413, 2011 WL 3847018, at *4 (E.D. Cal. Aug. 30, 2011). A "debt collector" under the FDCPA is either (1) "a person" the "principal purpose" of whose business is the collection of debts (whether on behalf of himself or others); or (2) "a person" who "regularly" collects debts on behalf of others (whether or not it is the principal purpose of his business). 15 U.S.C. § 1692a(6). Here, Plaintiff's complaint contains a sole conclusory statement describing Defendant as a "'debt collector' as that term is defined by the FDCPA." (Compl. ¶ 8.) However, the complaint does not contain a single factual allegation that supports the otherwise conclusory statement that Defendant is a "debt collector" within the specific meaning of the FDCPA statute. With respect to motions for default, "well-pleaded" non-damage related allegations are accepted as true. *See TeleVideo Sys., Inc.,* 826 F.2d at 917-18. However, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *DIRECTV, Inc. v. Huynh,* 503 F.3d 847, 854 (9th Cir. 2007) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

In sum, Plaintiff has provided no factual or legal support that Defendant meets the statutory definition of a "debt collector" under the FDCPA. Thus, substantial doubts remain as to whether Defendant is a "debt collector" subject to suit under the FDCPA. *See King*, 2011 WL 3847018, at

*4 (concluding that allegations related to the frequency of the collection by the debt collector are necessary to plead that a person is a "debt collector" under the FDCPA).  Therefore, as Plaintiff has pled insufficient facts to support Defendant's liability for FDCPA violations, the court recommends that the Motion for Default Judgment against Defendant be denied.

### III.  CONCLUSION

For the foregoing reasons, the court recommends that Plaintiff's Motion for Default Judgment be denied.

Any party may file objections to this report and recommendation with the district judge within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); N.D. Civ. L.R. 72-2.

Dated: November 28, 2011



DONNA M. RYU
United States Magistrate Judge