**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CARL MONROE,

          Plaintiff,

    v.

REID LAYNE STEINFELD,

          Defendant.

_____/

No. C-11-2726-SBA (DMR)

**REPORT AND RECOMMENDATION
TO GRANT PLAINTIFF'S MOTION
FOR DEFAULT JUDGMENT**

Plaintiff Carl Monroe moves the court pursuant to Federal Rule of Civil Procedure 55(b)(2) for entry of a default judgment against Defendant Reid Layne Steinfeld.  Plaintiff asks the court to order Defendant to pay actual and statutory damages, attorneys' fees, and costs for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.  For the reasons given below, the court recommends that Plaintiff's motion be granted.

**I. Background and Procedural History**

On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation to Academy of Art University in San Francisco, California for student tuition.  (Am. Compl. ¶ 9.)  The alleged debt was subsequently consigned, placed, or otherwise transferred to collection agency Grant & Weber, and thereafter to Defendant, for collection from Plaintiff.  (Am. Compl. ¶¶ 11-12.)  On or about November 8, 2010, Defendant filed a lawsuit against Plaintiff in the Superior Court of California, County of Los Angeles, captioned *Grant & Weber v. Monroe*, No. 10E13860 ("*Grant & Weber* complaint"), which sought to collect the alleged debt.  (Am. Compl. ¶ 13.)  Plaintiff is a resident of Santa Clara County, California and has never resided in Los Angeles County, California.  (Am. Compl. ¶ 10.)  He also has never applied for credit or signed a credit

United States District Court
For the Northern District of California

1   application agreement in Los Angeles County. (Am. Compl. ¶ 10.) As a result of Defendant's filing

2   the *Grant & Weber* complaint in Los Angeles County, Plaintiff had to retain counsel and incur

3   attorneys' fees and costs to have the lawsuit transferred to the proper venue, Santa Clara County.

4   (Am. Compl. ¶ 14.)

5         On June 6, 2011, Plaintiff filed suit against Defendant in this Court. [Docket No. 1.]

6   Plaintiff alleges that Defendant violated FDCPA by bringing a legal action against him to collect a

7   consumer debt in a judicial district other than the judicial district in which Plaintiff signed the

8   contract sued on or Plaintiff resided at the commencement of the action. *See* § 1692i. After

9   Defendant failed to appear, Plaintiff moved for entry of default on September 14, 2011. [Docket No.

10  11.] The Clerk of the Court entered default the following day. [Docket No. 12.] Plaintiff thereafter

11  moved for default judgment [Docket No. 13], which the court denied because Plaintiff had "not

12  sufficiently established that Defendant is a 'debt collector' within the meaning of the FDCPA,"

13  *Monroe v. Steinfeld*, No. C-11-2726-SBA (DMR), 2011 WL 7030908, at *3 (N.D. Cal. Nov. 8,

14  2011), *adopted by* No. C-11-2726-SBA, 2012 WL 115579 (N.D. Cal. Jan. 12, 2012). Plaintiff filed

15  a motion for reconsideration on January 5, 2012 [Docket No. 19], which the court denied [Docket

16  Nos. 24-25].

17        Plaintiff filed an Amended Complaint on December 16, 2011, which established that

18  Defendant qualifies as a "debt collector" pursuant to FDCPA, *see* § 1692a(6). [Docket No. 18.] On

19  January 11, 2012, Defendant, through his counsel, attempted to manually file an answer to the

20  Amended Complaint and a Certificate of Interested Entities. [Docket Nos. 21-22.] The Court sent

21  out a notice that he needed to file the documents electronically within ten days. [Docket No. 23.]

22  Defendant did not further participate in the case. Plaintiff filed this renewed Motion for Default

23  Judgment on January 25, 2012. [Docket No. 26.] In his motion, Plaintiff asks that the court order

24  Defendant to pay $2,322.45 in actual damages, $1,000 in statutory damages, and $3,043.36 in

25  attorneys' fees and costs. (Mot. for Default J. 4-5, 7.) For the reasons stated below, the court

26  recommends that the District Court grant Plaintiff's motion.

27                              **II. Default Judgment**

28        **A. Legal Standard**

2

**United States District Court**
For the Northern District of California

Federal Rule of Civil Procedure 55(b)(2) permits a court to enter a final judgment in a case following a defendant's default. *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 999 (N.D. Cal. 2001). Whether to enter a judgment lies within the court's discretion. *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)) ("A defendant's default does not automatically entitle the plaintiff to a court-ordered judgment."); *Shanghai Automation Instrument Co.*, 194 F. Supp. 2d at 999.

Before assessing the merits of a default judgment, a court must confirm that it has subject matter jurisdiction over the case and personal jurisdiction over the parties, as well as ensure the adequacy of service on the defendant. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). If the court finds these elements satisfied, it turns to the following factors ("the *Eitel* factors") to determine whether it should grant a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citation omitted). In this analysis, "the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true." *Pepsico, Inc.*, 238 F. Supp. 2d at 1175 (citing *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)). Nevertheless, default does not compensate for essential facts not within the pleadings and those legally insufficient to prove a claim. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

**B. Analysis**

As Plaintiff's complaint alleges an FDCPA violation under § 1692i, this court has subject matter jurisdiction over the matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d) (providing that "[a]n action to enforce any liability created by this subchapter [FDCPA] may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs"). Plaintiff resides within this District (*see* Am. Compl. ¶ 7) and personally served Defendant with a copy of the summons and complaint in compliance with California state law

United States District Court

For the Northern District of California

1   [Docket No. 5].  The court therefore has personal jurisdiction over the parties.  *See* Fed. R. Civ. P.

2   4(e)(1) (permitting service "following state law for serving a summons in an action brought in courts

3   of general jurisdiction in the state where the district court is located or where service is made"); Cal.

4   Civ. Proc. Code § 415.10 (establishing guidelines for personal service).

5          Turning to the first *Eitel* factor, Plaintiff will suffer great prejudice if the court does not enter

6   a default judgment against Defendant because Plaintiff otherwise has no means to recover the

7   damages, attorneys' fees, and costs that Defendant owes him.  *PepsiCo, Inc.*, 238 F. Supp. 2d at

8   1177.  Plaintiff also fulfills the second and third *Eitel* factors:  First, his complaint pleads the

9   elements of a FDCPA violation.  Specifically, he claims with factual support that Defendant, a debt

10  collector within the meaning of § 1692a(6), unlawfully filed a consumer debt collection action

11  against Plaintiff in a judicial district other than that in which Plaintiff (1) signed the contract sued on

12  or (2) resided at the time of filing, in violation of § 1692i.  (Am. Compl. ¶¶ 8-14.)  In light of these

13  facts and the pertinent law, Plaintiff has submitted a legally sufficient complaint which will prevail

14  on the merits.  *See* § 1692k(a) (establishing liability for "any debt collector who fails to comply with

15  any provision of [FDCPA] with respect to any person"); *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507,

16  1515 (9th Cir. 1994); *King v. Nat'l Credit Works, Inc.*, No. 10-CV-2413, 2011 WL 3847018, at *3

17  (E.D. Cal. Aug. 30, 2011) (citations omitted).

18         The fourth factor focuses on the amount at issue in the action, as courts should be hesitant to

19  enter default judgments in matters involving large sums of money.  "When the money at stake in the

20  litigation is substantial or unreasonable, default judgment is discouraged."  *Bd. of Trs. v. Core*

21  *Concrete Const., Inc.*, No. C 11-2532 LB, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012) (citing

22  *Eitel*, 782 F.2d at 1472).  However, when "the sum of money at stake is tailored to the specific

23  misconduct of the defendant, default judgment may be appropriate."  *Id.* (citations omitted).  The

24  sum of actual and statutory damages, attorneys' fees, and costs that Plaintiff seeks is $6,365.81,

25  which the court finds to be appropriately tailored to the conduct in this case, and reasonable under

26  *Eitel.*  With respect to the fifth prong, Defendant improperly appeared in this action [*see* Docket

27  Nos. 21-23] and, to date, has not contested any of Plaintiff's material facts or legal assertions or

28  moved to set aside the entry of default against him.  Finally, nothing in the record suggests that

Defendant defaulted due to excusable neglect.  Plaintiff repeatedly has served Defendant submissions relating to the case throughout the pendency of this action [*see* Docket Nos. 5, 16, 18-19], and Defendant has failed to participate in the litigation.[1]  *Shanghai Automation Instrument Co.*, 194 F. Supp. 2d at 1005.  Examining these facts in the aggregate, the court finds that *Eitel* factors one through six outweigh the Federal Rules of Civil Procedure's strong preference for a decision on the merits.  The court therefore recommends an entry of a default judgment.

### III.  Damages

To recover damages after securing a default judgment, a plaintiff must prove the relief it seeks through testimony or written affidavit.  *Bd. of Trs. of the Boilermaker Vacation Trust v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005); *see Pepsico, Inc.*, 238 F. Supp. 2d at 1175 (citing *Televideo Sys., Inc.*, 826 F.2d at 917-18).

#### A. Actual and Statutory Damages

With respect to cases arising out of FDCPA, the statute entitles Plaintiff to "any actual damage sustained" by Defendant's unlawful actions.  § 1692k(a)(1).  In this case, Plaintiff incurred $2,322.45 in actual damages in the form of attorneys' fees and costs paid to have the *Grant & Weber* complaint transferred to its proper venue in Santa Clara County.  (Schwinn Decl. ¶ 13, Ex. B, Jan. 25, 2012.)  The court finds these damages to be reasonable and well-documented, and therefore recommends that Plaintiff receive $2,322.45 in actual damages.  Section 1692k also permits the court to award up to an additional $1,000 in damages, depending on "the frequency and persistence of noncompliance by [Defendant], the nature of such noncompliance, and the extent to which such noncompliance was intentional."  § 1692k(a)(2)(A), (b)(1).  Because Plaintiff has offered no evidence concerning the frequency, persistence, or intentionality of Defendant's noncompliance, the court recommends against awarding additional damages.

#### B. Attorneys' Fees & Costs

---

[1] General Order 45 of the Court requires all counsel to become electronic filers on ECF and to maintain the accuracy of their e-mail contact information.  N.D. Cal. Gen. Order 45 ¶ IV(A)-(C).  The court may therefore assume that Defendant received electronic notice of all filings subsequent to his January 11, 2012 appearance.

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1    Section 1692k(a)(3) requires the court to award reasonable attorneys' fees and costs when

2    plaintiffs secure a judgment in their favor.  § 1692k(a)(3); *Camacho v. Bridgeport Fin., Inc.*, 53 F.3d

3    973, 978 (9th Cir. 2008).  The court determines reasonable attorneys' fees according to the lodestar

4    analysis, which multiplies the number of hours reasonably expended on the matter by a reasonable

5    hourly rate.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Jordan v. Multnomah Cnty.*, 815 F.2d

6    1258, 1262 (9th Cir. 1987).  The reasonable hourly rate depends on "the prevailing market rates in

7    the relevant community."  *Blum v. Stenson*, 465 U.S. 886, 896 (1984).  When assessing the rate, the

8    court also may consider the novelty and complexity of the issues; the special skill and experience of

9    counsel; the quality of representation; and the results obtained.  *See Cabrales v. Cnty. of L.A.*, 864

10   F.2d 1454, 1464 (9th Cir. 1988).  Although the court presumes that the lodestar represents a

11   reasonable fee, *Jordan*, 815 F.2d at 1262, the court may adjust the award if other factors make it

12   unreasonable.  *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

13   To date, Plaintiffs have incurred $3,043.36 in attorneys' fees based upon 7.4 hours of work

14   by Fred W. Schwinn, an attorney with 15 years experience, at a rate of $350 per hour.  (Schwinn

15   Decl. ¶¶ 3-12; *see* Schwinn Decl. Ex. A.)  This rate is reasonable for FDCPA claims in the San

16   Francisco Bay Area.  *See, e.g.*, *Patton v. Prober & Raphael*, No. C-11-1458 PJH (NC), 2012 WL

17   294537, at *8 (N.D. Cal. Jan. 13, 2012) (approving hourly rate of $350), *adopted by* No. C-11-1458

18   PJH, 2012 WL 294511 (N.D. Cal. Jan. 30, 2012); *Scott v. Fed. Bond & Collection Serv., Inc.*, No. C-

19   10-2825 LHK, 2011 WL 3652531, at *4-5 (N.D. Cal. Aug. 19, 2011) (same).  The time that

20   Plaintiff's counsel expended on this case, 7.4 hours, proves reasonable as well.  The court therefore

21   recommends that Plaintiff's recover $3,043.36 in attorneys' fees.  Plaintiff also has incurred $453.36

22   in costs in the action to date.  $350.00 stem from the case filing fee, $62.00 from process server fees,

23   $32.80 for photocopying, and $8.56 for postage.  (Schwinn Decl. ¶ 14.)  Because the court finds

24   these sums reasonable, it recommends that Plaintiffs be granted $453.36 in costs.

25                                    **IV. Conclusion**

26   For the foregoing reasons, the court recommends that the District Court grant Plaintiff's

27   Motion for Default Judgment.  The court further recommends that the District Court award Plaintiff:

28

(1) actual damages in the amount of $2,322.45, (2) attorneys' fees totaling $3,043.36, and (3) costs amounting to $453.36.

Any party may file objections to this report and recommendation with the District Judge within 14 days of being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); N.D. Civ. L.R. 72-2.  Failure to file timely objections "may waive the right to appeal the District Court's order."  *IBEW Local 595 Trust Funds v. ACS Controls Corp.*, No. C-10-5568, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

IT IS SO ORDERED.


Dated: March 22, 2012

DONNA M. RYU
United States Magistrate Judge